IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| HEATHER M. EVANS,<br><br>**Plaintiff**,<br><br>v.<br><br>THE STATE OF WEST VIRGINIA,<br>ALLEN MOATS,<br>PATRICIA SMITH,<br>BRITTANY PEPPER,<br>TERRI TITCHENOR, AND<br>CLAIRE NEHAUS.<br><br>**Defendants**. | CIVIL ACTION NO.: 1:23-CV-37<br>(JUDGE KLEEH) |

### REPORT AND RECOMMENDATION, RECOMMENDING ACTION BE DISMISSED AS TO DEFENDANTS THE STATE OF WEST VIRGINIA, PATRICIA SMITH, AND TERRI TITCHENOR

On April 19, 2023, *pro se* Plaintiff Heather M. Evans ("Evans") filed a Complaint to initiate this action. [ECF No. 1]. Plaintiff Evans named the following Defendants: The State of West Virginia ("State of West Virginia"), Allen Moats ("Moats"), Patricia Smith ("Smith"), Brittany[1] Pepper ("Pepper"), Terri Titchenor ("Titchenor"), and Claire Niehaus ("Niehaus"). Plaintiff was sent a Notice of General Guidelines for Appearing Pro Se in Federal Court by the Clerk's Office. [ECF No. 3]. By Order dated April 20, 2023 [ECF No. 4], the Hon. Thomas S. Kleeh, Chief United States District Judge, referred this matter to the undersigned Magistrate Judge to review the record and issue written orders or reports and recommendations, as appropriate.

---

[1] In Defendant Pepper's Motion to Dismiss, Defendant indicates that her name was misspelled "Brittany" in Plaintiff's Complaint and the correct spelling is "Brittani." [ECF No. 18].

1

Upon consideration, the undersigned **RECOMMENDS** that Defendants State of West Virginia, Smith, and Titchenor be **DISMISSED WITHOUT PREJUDICE** by the District Court.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On April 19, 2023, *pro se* Plaintiff filed her Complaint [ECF No. 1] in the Northern District of West Virginia. The Complaint names several defendants including the State of West Virginia, a former West Virginia Circuit Court Judge, an Assistant Prosecuting Attorney, two employees of the West Virginia Department of Health and Human Resources, and an attorney.[2] On the Civil Cover Sheet [ECF No. 1-2], Plaintiff asserts that her "[r]ight's [sic] were denied, evidence has been hidden, slander was used, right to a hearing, lawyer, etc." Plaintiff demands $1,000,000.00 in monetary damages. Plaintiff further asserts on the Civil Cover Sheet that the basis for federal jurisdiction is a "U.S. Government Defendant" and lists the U.S. Civil Statute being filed under as "West Virginia Code Chapter #49 [sic]." Id.

In the Complaint, the Plaintiff asserts that federal jurisdiction is proper because "(1) Taylor Co. Judge Allen Moats is the chair of the WV Supreem [sic] Court, (2) our right to a hearing has been denied multiple times, (3) evidence is being hidden; CAC interviews, foster parent notes and referrals, and (4) we have a viedo [sic] of CPS supervisor stating Taylor Co. courts askin [sic] to remove children." [ECF No. 1].

On May 17, 2023, the Court issued summonses to Plaintiff for her to serve five of the six named Defendants: Moats, Niehaus, Pepper, Smith, and Titchenor. [ECF Nos. 7, 8, 9, 10, 11]. On July 11, 2023, the undersigned entered an Order to Show Cause [ECF No. 23] as to why this case

---

[2] This Report and Recommendation addresses the Order to Show Cause [ECF No. 23] for failure to serve the complaint within 90 days of its filing with respect to Defendants Patricia Smith and Terri Titchenor, whose summons were not executed, and the State of West Virginia, whose summons was neither issued nor executed. A Report and Recommendation is being entered concurrently herewith as to the Motions to Dismiss filed by Defendants Allen Moats, Brittany Pepper, and Claire Niehaus.

should not be dismissed as to the State of West Virginia, Smith, and Titchenor for failure to timely serve those Defendants. Plaintiff filed a response [ECF No. 31] and a letter [ECF No. 32] that addresses the undersigned's Order to Show Cause. [ECF No. 23].

On July 13, 2023, the summonses for only Defendants Moats, Pepper and Niehaus were returned executed. [ECF Nos. 24, 25, 26]. The summons for Defendants Titchenor and Smith were returned unexecuted. [ECF Nos. 27, 28]. The record does not reflect a summons was requested or served on Defendant State of West Virginia.

## II.   ANALYSIS

Plaintiff failed to serve the complaint on Defendants State of West Virginia, Smith, or Titchenor in this matter in the timeframe required by the Federal Rules of Civil Procedure. As noted above, by an Order to Show Cause dated July 11, 2023 [ECF No. 23], the undersigned ordered Plaintiff to show cause, within fourteen (14) days of that Order, as to why the matter should not be dismissed without prejudice as to Defendants State of West Virginia, Smith, and Titchenor. As noted in that Order to Show Cause, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extent the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added).

On July 25, 2023, Plaintiff filed a timely response to the Order to Show Cause [ECF No. 31] but fails to show good cause as to why the above-noted Defendants were not properly served. Plaintiff simply alleges that Defendant Smith and Defendant Titchenor refused to accept the summons. This one-line explanation does not sufficiently advise the undersigned as to why the matter should not be dismissed without prejudice as to the Defendants. Instead, Plaintiff's response reiterates the merits of her claims. Further, on July 26, 2023, Plaintiff filed a letter also in response

3

to the Order to Show Cause. [ECF No. 32]. Again, Plaintiff argues that Defendant Smith and Defendant Titchenor were "notified of a Federal Court process" and chose to reject the notice.

With respect to Defendant State of West Virginia, and in the above-noted filings, Plaintiff neglects to make any mention of Defendant State of West Virginia. In fact, upon review of the record, there is no indication that Plaintiff requested a summons for Defendant State of West Virginia at the outset or attempted to effect service of the same. Thus, based on the foregoing, the undersigned **RECOMMENDS** that the Complaint be **DISMISSED without prejudice** as to Defendants State of West Virginia, Smith, and Titchenor.

### III. RECOMMENDATION AND CONCLUSION

Accordingly, based on the foregoing, the undersigned **FINDS** that Defendants State of West Virginia, Smith, and Titchenor were not timely or properly served and **RECOMMENDS** that they be **DISMISSED WITHOUT PREJUDICE** by the District Court for lack of proper service.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir.

1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, to their last known addresses as shown on the docket, and to counsel of record by electronic means.

**DATED: September 26, 2023.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE