IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

HEATHER M. EVANS,

        **Plaintiff**,

v.

THE STATE OF WEST VIRGINIA,
ALLEN MOATS,
PATRICIA SMITH,
BRITTANY PEPPER,
TERRI TITCHENOR, AND
CLAIRE NEHAUS.

        **Defendants**.

CIVIL ACTION NO.: 1:23-CV-37
(JUDGE KLEEH)

**REPORT AND RECOMMENDATION RECOMMENDING
DEFENDANTS CLAIRE NIEHAUS, BRITTANY PEPPER AND ALLEN MOATS
MOTIONS TO DISMISS [ECF NOS. 13, 17, 20] BE GRANTED**

On April 19, 2023, *pro se* Plaintiff Heather M. Evans ("Plaintiff") filed a Complaint to initiate this action. [ECF No. 1]. Plaintiff named the following Defendants: The State of West Virginia, Allen Moats ("Moats"), Patricia Smith ("Smith"), Brittany[1] Pepper ("Pepper"), Terri Titchenor ("Titchenor"), and Claire Niehaus ("Niehaus"). Plaintiff was sent a Notice of General Guidelines for Appearing Pro Se in Federal Court by the Clerk's Office. [ECF No. 3]. By Order dated April 20, 2023 [ECF No. 4], the Hon. Thomas S. Kleeh, Chief United States District Judge, referred this matter to the undersigned Magistrate Judge to review the record and issue written orders or reports and recommendations, as appropriate.

---

[1] In Defendant Pepper's Motion to Dismiss, Defendant indicates that her name was misspelled "Brittany" in Plaintiff's Complaint and the correct spelling is "Brittani." [ECF No. 18].

1

Upon consideration, the undersigned **RECOMMENDS** that Defendants Niehaus, Pepper, and Moats' Motions to Dismiss [ECF Nos. 13, 17, 20] be **GRANTED**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On or about April 19, 2023, *pro se* Plaintiff filed her Complaint [ECF No. 1] in the Northern District of West Virginia. The Complaint names several defendants including the State of West Virginia, a former West Virginia Circuit Court Judge, an Assistant Prosecuting Attorney, two employees of the West Virginia Department of Health and Human Resources, and an attorney.[2] On the Civil Cover Sheet, Plaintiff asserts that her "[r]ight's [sic] were denied, evidence has been hidden, slander was used, right to a hearing, lawyer, etc." Plaintiff demands $1,000,000.00 in monetary damages. Plaintiff further asserts on the Civil Cover Sheet that the basis for federal jurisdiction is a "U.S. Government Defendant" and lists the U.S. Civil Statute being filed under as "West Virginia Code Chapter #49" [sic]. [ECF No. 1].

On July 13, 2023, the summonses for Defendants Moats, Pepper and Niehaus were returned executed. [ECF Nos. 24, 25, 26]. The summonses for the other Defendants were not executed.

On June 9, 2023, Niehaus filed a Motion to Dismiss and Memorandum of Law in Support [ECF Nos. 13, 14] for insufficient service of process. On June 12, 2023, Pepper filed a Motion to Dismiss and Memorandum of Law in Support [ECF Nos. 17, 18] for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and insufficient service of process. On June 21, 2023, Moats filed a Motion to Dismiss and Memorandum of Law in Support [ECF Nos. 20, 21] for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and insufficient service of process.

---

[2] This Report and Recommendation addresses the Motions to Dismiss filed by Defendants Allen Moats, Brittany Pepper, and Claire Niehaus. A Report and Recommendation is being entered concurrently herewith regarding Plaintiff's failure to serve the Complaint within 90 days of its filing with respect to Defendants Smith, Titchenor, and the State of West Virginia.

Pursuant to a Roseboro Notice [ECF No. 22] entered on July 11, 2023, the undersigned advised Plaintiff that any opposition response(s) to the Defendants Niehaus, Pepper, and Moats' Motions to Dismiss [ECF Nos. 13, 17, or 20] must be filed within 21 days of the date of the Roseboro Notice. To date, Plaintiff has failed to file any responses.

## II.     ANALYSIS

### A.  *Pro Se* Legal Standard

Because Plaintiff is proceeding *pro se*, the Court must liberally construe her arguments. See generally Estelle v. Gamble, 429 U.S. 97, 106 (1976); Love v. Armistead, 582 F.2d. 1291, 1295 (4th Cir. 1978). However, it is not the Court's role to rewrite Evan's arguments. See generally Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct a *pro se* party's legal arguments for them, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.  The Court Lacks Subject Matter Jurisdiction.

Subject matter jurisdiction must be established in order for a federal court to hear a case. Holloway v. Pagan River Dockside Seafood, 669 F.3d 448, 453 (4th Cir. 2012). There are two ways to establish subject matter jurisdiction. Under federal question jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.S. § 1331. Under diversity jurisdiction, the amount in controversy must exceed $75,000 and the complete diversity of citizenship must exist. 28 U.S.C. § 1332. The plaintiff bears the burden of proving jurisdiction exists. Trazell v. Arlington Cty., 811 F. App'x 857, 858 (4th Cir. 2020). A claim may be dismissed due to a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Additionally, under Federal Rule 12(h)(3), a Court must dismiss a claim if at any time it determines there is no subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Plaintiff asserts four reasons as to why jurisdiction is proper: "(1) Taylor Co. Judge Allen Moats is the chair of the WV Supreem [sic] Court, (2) our right to a hearing has been denied multiple times, (3) evidence is being hidden; CAC interviews, foster parent notes and referrals, and (4) we have a viedo [sic] of CPS supervisor stating Taylor Co. courts askin [sic] to remove children." [ECF No. 1]. However, with such allegations and attempted claims, Plaintiff wholly fails to establish federal question or diversity jurisdiction. First, Plaintiff does not allege her claims arise out of federal law. The only mention of a federal statute is on the front page of Plaintiff's Complaint where she handwrites "#42 U.S.C. 1983." Aside from this, it is unclear whether Plaintiff is indeed asserting that her claims arise from the above-noted federal statute.

Further, although Plaintiff may seek monetary damages of $1,000,000.00, complete diversity does not exist. All parties appear to be citizens of West Virginia and/or instrumentalities (or employees of instrumentalities) of the state, thus not satisfying the complete diversity requirement. In fact, Plaintiff indicates that both Plaintiff and Defendants are citizens of West Virginia on the Civil Cover Sheet. [ECF No. 1-2]. Additionally, as Pepper points out, there appears to be no federal Defendant, despite what the Civil Cover Sheet indicates.

Therefore, the undersigned **FINDS** that Plaintiff fails to establish that subject matter jurisdiction lies for the matter to proceed in federal court.

### C. There are Insufficient Facts to State a Claim on Which Relief Can Be Granted.

To survive a motion to dismiss, the rules which govern civil actions require Plaintiff only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, a complaint must set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under seminal civil procedure caselaw, a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reliance on Twombly, the Supreme Court has

emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, this is not a difficult threshold for a claimant to clear. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., at 663.

Here, Plaintiff fails to provide any sufficient factual allegations or theories of relief as to the named Defendants. On the Civil Cover Sheet, Plaintiff cites to "WV State Code Chapter #49" and states that "[r]ight's were denied, Evidence has been hidden, slander was used, [r]ight to a hearing, lawyer, etc." [sic]. [ECF No. 1-1]. However, the Complaint itself does not appear to contain factual information in support of such claims. Moreover, none of the named Defendants are specifically tied to the alleged claims, nor are they alleged to have engaged in acts or omissions giving rise to the claims.

Accordingly, the undersigned **FINDS** that Plaintiff does not allege facts to support claims on which the Court could grant relief.

### D.  Service of Process on Pepper and Niehaus was Insufficient.

Federal Rule of Civil Procedure 4(c) provides, "A summons must be served with a copy of the complaint. The plaintiff *is responsible* for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c) (emphasis added). The plaintiff bears the burden of showing that service of process was properly conducted pursuant to Rule 4 of the Federal Rules of Civil Procedure. Miller v. Mariner Fin., LLC, No. 3:10-CV-33, 2010 WL 2365400, at *3 (N.D.W. Va. June 8, 2010). Although rules applying to *pro se* litigants are to be construed liberally, actual notice is not sufficient to satisfy the requirements of service of process. Scott v. Maryland State Dep't of Lab., 673 F. App'x 299, 305 (4th Cir. 2016).

Here, Pepper and Niehaus were personally served a summons by the Plaintiff. Niehaus asserts she was served with a summons herein on May 19, 2023, but still has not received a copy of the Complaint. Similarly, Pepper asserts that the Summons was served on May 20, 2023, but a copy of the Complaint was not enclosed. There is nothing from the undersigned's review of the record to indicate that Plaintiff properly served Pepper and Niehaus with the Complaint as required. Therefore, because Pepper and Niehaus did not receive a copy of the Complaint upon service, the claim should be dismissed under Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

Federal Rule of Civil Procedure 4(c) provides, "A summons must be served with a copy of the complaint. The plaintiff *is responsible* for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c) (emphasis added). The plaintiff bears the burden of showing that service of process was properly conducted pursuant to Rule 4 of the Federal Rules of Civil Procedure. Miller v. Mariner Fin., LLC, No. 3:10-CV-33, 2010 WL 2365400, at *3 (N.D.W. Va. June 8, 2010). Although rules applying to *pro se* litigants are to be construed liberally, actual notice is not sufficient to satisfy the requirements of service of process. Scott v. Maryland State Dep't of Lab., 673 F. App'x 299, 305 (4th Cir. 2016).

Here, Pepper and Niehaus were personally served a summons by the Plaintiff. Niehaus asserts she was served with a summons herein on May 19, 2023, but still has not received a copy of the Complaint. Similarly, Pepper asserts that the Summons was served on May 20, 2023, but a copy of the Complaint was not enclosed. There is nothing from the undersigned's review of the record to indicate that Plaintiff properly served Pepper and Niehaus with the Complaint as required. Therefore, because Pepper and Niehaus did not receive a copy of the Complaint upon service, the claim should be dismissed under Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

### E. Moats is Entitled to Judicial Immunity

Moats asserts judicial immunity as a viable defense to Plaintiff's claims. Judges enjoy immunity from suits for actions taken while holding a judicial office within their jurisdiction. *Pierson v. Ray*, 368 U.S. 547, 554 (1967). A judge will be held liable for actions taken in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351, 20 L.Ed. 646 (1872)). In the Complaint, Plaintiff identifies Moats as "Taylor Co. Judge Allen Moats" and subsequently claims "our right to a hearing has been denied multiple times." [ECF No. 1]. As Moats points out, it appears that Plaintiff is asserting claims arising from a case that was before Moats as a West Virginia Circuit Court Judge. Because Moats held a judicial office, he is entitled to judicial immunity. Thus, Plaintiff cannot successfully bring a suit against him.

### F. Conclusion

In sum, Plaintiff has brought this matter without establishing subject matter jurisdiction for this Court to hear this case, without setting forth sufficient facts to state a claim for which relief can be granted, and as to at least two Defendants, without sufficient service of process. Thus, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), failure to state a claim in which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and lack of for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

### III.   RECOMMENDATION AND CONCLUSION

Accordingly, based on the foregoing, the undersigned **FINDS** that with respect to the arguments raised in Defendants Niehaus, Pepper, and Moats' Motions to Dismiss [ECF Nos. 13, 17, 20], Plaintiff's Complaint and service of process fails any applicable standards set forth under

Fed. R. Civ. P. 12. Thus, the undersigned **RECOMMENDS** that Defendants Niehaus, Pepper, and Moats' Motions to Dismiss [ECF Nos. 13, 17, 20] be **GRANTED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, to her last known addresses as shown on the docket, and to counsel of record by electronic means.

**DATED: September 26, 2023.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE